UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALCOLM LEON WISE,

Plaintiff,

v. CASE NO. 8:14-cv-25-T-23AEP

SHERIFF BOB GUALTIERI, *et al.*,

Defendants.
_________________________________/

**ORDER**

Wise's complaint alleges that the defendants violated his civil rights when they incorrectly administered his prescribed medication. Wise was granted leave to proceed *in forma pauperis*. (Doc. 5) The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Although a *pro se* complaint receives a generous interpretation, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999), the complaint must meet certain pleading requirements. The complaint must "give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests" and provide "more than labels and conclusions [or] a formulaic recitation of the elements of the cause of action . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In short, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. The pleading requirements are summarized in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.

*Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008), explains that "*Twombly* [i]s a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." As a consequence, *Twombly* specifically applies to a Section 1983 prisoner action. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

Wise lists two defendants, Sheriff Bob Gualtieri and Dr. Yukana. Wise alleges that the defendants caused him to overdose on his prescribed medication (Dilantin) and that the overdose was caused by the defendant's negligence or

medical malpractice. As written, Wise fails to state a claim that he can pursue in a civil rights action.

Wise alleges no claim against Sheriff Bob Gualtieri. The complaint asserts no act personally committed by the sheriff. The complaint must allege facts showing the personal involvement of each defendant in the deprivation of Wise's civil rights. Wise cannot base a Section 1983 claim on *respondeat superior*. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Buckner v. Toro*, 116 F.3d 450 (11th Cir. 1997). Consequently, the complaint is insufficient to state a claim against Sheriff Gualtieri.

Wise states that he wants to hold "Dr. Yukana and his medical staff liable for medical milpractice [*sic*] and award me $48 million lawsuit due to their neglegence [*sic*]." A state has the constitutional obligation to provide an inmate adequate medical care – not mistake-free medical care. *Adams v. Poag*, 61 F.3d 1537 (11th Cir. 1995), *Mandel v. Doe*, 888 F.2d 783 (11th Cir. 1989). "Accidents, mistakes, negligence, and medical malpractice are not 'constitutional violations merely because the victim is a prisoner.'" *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994), *citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Instead, an inmate is protected from deliberate indifference to a serious medical need. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (*quoting Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). *Taylor v.*

*Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (brackets original), *cert. denied*, 531 U.S. 1077 (2001), summarizes the requirements for alleging the deliberate indifference to a serious medical need:

> To show an objectively serious deprivation, it is necessary to demonstrate, first, an objectively "serious medical need [ ]," *Estelle*, 429 U.S. at 104, 97 S. Ct. at 291, one that, if left unattended, "pos[es] a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994), and second, that the response made by public officials to that need was poor enough to constitute "an unnecessary and wanton infliction of pain," and not merely accidental inadequacy, "negligen[ce] in diagnosi[s] or treat[ment]," or even "[m]edical malpractice" actionable under state law, *Estelle*, 429 U.S. at 105-06, 97 S. Ct. at 290-92 (internal quotation marks omitted). Similarly, to show the required subjective intent to punish, a plaintiff must demonstrate that the public official acted with an attitude of "deliberate indifference," *Estelle*, 429 U.S. at 105, 97 S. Ct. at 291, which is in turn defined as requiring two separate things: "aware[ness] of facts from which the inference could be drawn that a substantial risk of serious harm exists [ ] and . . . draw[ing of] the inference," *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979. Ultimately, there are thus four requirements: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts.

Wise alleges that the medical staff administered an incorrect dose of Dilantin. The allegations in the complaint state at most a claim of negligence against the medical staff but not a claim of deliberate indifference to a serious medical need. As he admits, Wise was "taken to Northside Hospital for Dilantin toxicity" when the medical staff recognized the complication. Absent the allegation of facts constituting a deliberate indifference to a serious medical need that creates a prospect of serious injury, Wise states no civil rights violation. If he believes that he can state a valid

claim against the defendants, Wise should move within thirty days to re-open this case and must simultaneously submit an amended complaint.

Accordingly, the civil rights complaint is **DISMISSED**. The clerk is directed to close this case.

ORDERED in Tampa, Florida, on February 10, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE